MEMORANDUM **
We have reviewed the record and petitioners’ filings in this court. We conclude that petitioners have failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review under the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(D). See Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 587 (9th Cir.2005), as adopted by, Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1124 (9th Cir.2006) (en banc). Accordingly, we dismiss this petition for review because we lack jurisdiction to review the agency’s discretionary determination that petitioners did not demonstrate their removal would result in exceptional and extremely unusual hardship to a qualifying relative. See 8 U.S.C. § 1252(a)(2)(B)®; MartinezRosas v. Gonzales, 424 F.3d 926, 929-30 (9th Cir.2005); Romero-Torres v. Ashcroft, 327 F.3d 887, 892 (9th Cir.2003).
The fact that petitioners dispute the Immigration Judge’s findings of fact makes no difference. “[W]e have held that the ‘exceptional and extremely unusual hardship’ standard is subjective, and thus that it does implicate the ‘value judgment of the person or entity examining the issue,’ Romero-Torres, 327 F.3d at 890-91, [and therefore] we must conclude that we lack *226 jurisdiction to review an IJ’s application of such standard to the facts of a case, be they disputed or otherwise.” Mendez-Castro v. Mukasey, 552 F.3d 975, 981 (9th Cir.2009) (underlining emphasis added).
Finally, petitioners argue the Immigration Judge was biased against them and violated their rights (1) to due process; (2) “to raise their children with a desired appreciation for their cultural and ethnic heritage, without governmental interference”; (3) to freedom of association; and (4) to freedom of religion — -all because the Immigration Judge noted petitioners attended a Catholic church mass in Spanish and should not have trouble finding such a service in Mexico. We do not have jurisdiction to consider these arguments because petitioners did not exhaust their administrative remedies by raising this claim in their brief before the Board of Immigration Appeals. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (holding that although the Board of Immigration Appeals cannot review constitutional challenges, it can review an error in the processing of a case, even if the error is a violation of due process, because it can order the Immigration Judge to correct the error).
Further, our review of the record discloses that the Immigration Judge did not in any way punish petitioners for their choices, nor limit their freedom to raise their children or practice their religion. Thus, petitioners have no colorable claim of bias or of a violation of any of these rights. See Fernandez v. Mukasey, 520 F.3d 965, 966-67 (9th Cir.2008) (holding petitioners’ claim that the standards for cancellation of removal violated their right to freedom of religion was not valid because they failed to show the statute required them to modify them behavior or beliefs).
All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) and the tolling of the voluntary departure period shall continue in effect until issuance of the mandate. Garcia v. Ashcroft, 368 F.3d 1157, 1159 (9th Cir.2004) (order); Desta v. Ashcroft, 365 F.3d 741, 750 (9th Cir.2004).
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.