NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERNABE PEREZ-GONZALEZ, AKA Carlos Patino-Velez, AKA Bernabe Perez-Gonzale, AKA Bernabe Perez-Gonzales, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-70755 <br><br> Agency No. A200-878-219 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022**
Seattle, Washington

Before: HAWKINS and FORREST, Circuit Judges, and RESTANI,*** Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Bernabe Perez-Gonzalez petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's denial of a motion to reopen for abuse of discretion, and we review de novo purely legal issues, including violations of due process and ineffective assistance of counsel. *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020). We deny the petition.

The BIA did not abuse its discretion by denying the motion as untimely. Perez-Gonzalez does not dispute that he filed his motion roughly two years after his final order of removal and well past the ninety-day deadline for filing a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i).

Nor did Perez-Gonzalez establish grounds for equitable tolling. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling of the deadline for a motion to reopen may apply when petitioner is prevented from filing as a result of "deception, fraud, or error"). As the BIA concluded, Perez-Gonzalez has not demonstrated plausible claims for relief from removal, including asylum, withholding of removal, or cancellation of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229–30 (9th Cir. 2016) (rejecting asylum and withholding claims predicated on alleged membership in class of "imputed wealthy Americans"); *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) ("With regard to hardship to a child [for purposes of cancellation of removal], petitioners generally must

demonstrate that they have a qualifying child with very serious health issues, or compelling special needs in school." (internal quotation marks and citation omitted)). Consequently, he has not established the requisite prejudice to sustain his claim of ineffective assistance of counsel or toll the limitations period. *See Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004). Because the BIA permissibly concluded that Perez-Gonzalez did not demonstrate a plausible claim for cancellation of removal, any presumption of prejudice arising from counsel's failure to file a brief in Perez-Gonzalez's initial appeal to the BIA was rebutted. *See Singh v. Ashcroft*, 367 F.3d 1182, 1189 (9th Cir. 2004).

Contrary to Perez-Gonzalez's argument, the BIA's decision indicates that it considered the country conditions evidence submitted with Perez-Gonzalez's motion but concluded that the evidence did not demonstrate a material change. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). The record supports the BIA's conclusion, and the BIA's denial of the motion was not an abuse of discretion. *See Ramirez-Munoz*, 816 F.3d at 1229.

**PETITION DENIED.**

17-70755