**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PETER URRUTIA FERNANDEZ;
MARTHA AMPIL KATIGBAK,
     *Petitioners,*

   v.

MICHAEL B. MUKASEY,* Attorney
General,
     *Respondent.*

No. 06-74228

Agency Nos.
A72-401-498
A72-516-414

ORDER
AMENDING
OPINION AND
DENYING
PETITION FOR
REHEARING AND
PETITION FOR
REHEARING EN
BANC AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 3, 2007—San Francisco, California

Filed January 7, 2008
Amended March 25, 2008

Before: Betty B. Fletcher, Marsha S. Berzon, and
Johnnie B. Rawlinson, Circuit Judges.

*Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

Per Curiam Opinion

**COUNSEL**

Martin Avila Robles, San Francisco, California, for the petitioners.

Don G. Scroggin, Department of Justice, Washington, D.C., for the respondent.

**ORDER**

The opinion filed on January 7, 2008 and published at slip opinion 165-169 is amended as follows:

Replace the final sentence of the last full paragraph on page 168 with the following:

The difficulty of meeting this standard is reflected in the rarity of grants of cancellation of removal to aliens who are not legal permanent residents: in 2006, only 3,144 individuals were granted typical cancellation of removal for a non-permanent resident, well below the annual cap of 4,000 imposed by statute. *See* 8 U.S.C. § 1229b(e)(1); United States Department of Justice, Executive Office for Immigration Review, Fiscal Year 2006 Statistical Yearbook, Table 15.

Appellant's petition for panel rehearing and petition for rehearing en banc are denied. No further petitions for rehearing or rehearing en banc will be accepted.

---

**OPINION**

PER CURIAM:

Petitioners Peter Fernandez and Martha Katigbak appeal from a final order of removal entered after the BIA denied their application for cancellation of removal due to their lack of a qualifying relative. 8 U.S.C. § 1229b(b). Petitioners are devout Catholics who have attempted to conceive a child for many years. They contend that they have been unable to have a child due to their opposition to in vitro fertilization, a method disapproved by the Catholic church. Petitioners argue that the application of the statutory requirements for cancellation of removal to them violates the Free Exercise Clause of the First Amendment and the Religious Freedom Restoration Act ("RFRA"). We deny the petition.

[1] Petitioners have failed to establish that the qualifying relative requirement for cancellation places a substantial burden on their religious exercise under RFRA.[1] 42 U.S.C. § 2000bb-1(a). First, petitioners have not established that their lack of a qualifying relative is due to their religious beliefs. Adopted children are treated as qualifying relatives for purposes of the cancellation of removal statute. 8 U.S.C. § 1101(b)(1)(E). Petitioners have not claimed that their Catholic beliefs prevent them from adopting a child. They state

---

[1]Petitioners' failure to demonstrate a substantial burden under RFRA necessarily means that they have failed to establish a violation of the Free Exercise Clause, as RFRA's prohibition on statutes that burden religion is stricter than that contained in the Free Exercise Clause. *See Employment Division v. Smith*, 494 U.S. 872, 878-80 (1990) (the Free Exercise Clause is not violated by a facially neutral statute of general applicability).

that they do not wish to adopt because their lives are currently uncertain due to their immigration status. That reason is not traceable to their religious beliefs and applies equally to birth children. Petitioners thus have not demonstrated that their ineligibility for cancellation is a result of their religious views.

**[2]** Second, the connection between having a child and obtaining cancellation of removal is too attenuated to create a substantial burden on petitioners' religious exercise. In order to be eligible for cancellation of removal, an applicant must "establish[ ] that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The BIA has interpreted "exceptional and extremely unusual hardship" to require that cancellation of removal be limited to " 'truly exceptional' " situations. *Matter of Monreal*, 23 I. & N. Dec. 56, 62 (BIA 2001) (quoting H.R. Conf. Rep. No. 104-828). With regard to hardship to a child, petitioners generally must demonstrate that they have a "qualifying child with very serious health issues, or compelling special needs in school." *Id.* at 63. The difficulty of meeting this standard is reflected in the rarity of grants of cancellation of removal to aliens who are not legal permanent residents: in 2006, only 3,144 individuals were granted typical cancellation of removal for a non-permanent resident, well below the annual cap of 4,000 imposed by statute. *See* 8 U.S.C. § 1229b(e)(1); United States Department of Justice, Executive Office for Immigration Review, FISCAL YEAR 2006 STATISTICAL YEARBOOK, Table 15.

**[3]** Petitioners have no reason to expect that a child born to them as a result of in vitro fertilization would have the serious health or learning issues generally required to merit a grant of cancellation of removal. They therefore have not shown that the cancellation statute puts "substantial pressure on [them] to modify [their] behavior and to violate [their] beliefs." *Guam v. Guerrero*, 290 F.3d 1210, 1222 (9th Cir. 2002) (quoting

*Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 718 (1981)). No sensible person would abandon his religious precepts to have a child in the hope that the child would be so very ill or learning disabled as to come within the small number of children as to whom "exceptional and extremely unusual hardship" can be shown.

For the foregoing reasons, the petition for review is **DENIED**.