**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT L. BRINKMAN, | No. 13-15672 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-00670-FRZ |
| v. | |
| MIKE LINDERMAN, Head of ADC Pastoral Services, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted September 1, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

Albert Brinkman, a *pro se* prisoner, appeals the district court's orders

granting summary judgment to several Arizona Department of Corrections officials

(collectively, "Defendants") in this 42 U.S.C. § 1983 action. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and we review the district court's summary judgment orders *de novo*. *Blanford v. Sacramento Cnty.*, 406 F.3d 1110, 1114 (9th Cir. 2005).

We affirm the judgment of the district court. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

I

A

The district court did not err in granting summary judgment to Defendants on Brinkman's claims challenging their refusal to provide him with a private worship area and certain ceremonial foods and their confiscation and destruction of certain items in his cell.

Brinkman failed to identify sufficient evidence to support an inference that these actions substantially burdened his exercise of religion. A prisoner cannot prevail on a RLUIPA claim without meeting this "initial burden" of production. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). Nor can a prisoner prevail on a Free Exercise Clause claim without satisfying the same burden. *See Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 833 (8th Cir. 2009) ("[W]hen faced with both a Free Exercise claim and a RLUIPA claim, a court must, as a threshold matter, inquire as to whether the prison has placed a 'substantial burden' on the

prisoner's ability to practice his religion." (citation omitted)); *Fernandez v. Mukasey*, 520 F.3d 965, 966 n.1 (9th Cir. 2008) (per curiam) ("Petitioners' failure to demonstrate a substantial burden under RFRA necessarily means that they have failed to establish a violation of the Free Exercise Clause, as RFRA's prohibition on statutes that burden religion is stricter than that contained in the Free Exercise Clause."). Summary judgment was therefore properly granted to Defendant-Appellees on these RLUIPA and Free Exercise Clause claims.

B

The district court also properly granted summary judgment to Defendants on Brinkman's RLUIPA claim challenging their policy prohibiting him from using an open flame during certain religious ceremonies. The district court held that this claim was rendered moot by Brinkman's transfer to a new prison in 2011. A challenge to a system-wide policy that remained in effect after a transfer overseen by one of the Defendants would not necessarily be rendered moot by transfer. However, here, his claim was based on an unwritten practice at the facility from which he was transferred. Therefore, transfer did moot his claim for injunctive relief. To the extent they are not resolved here, any claims as to a system-wide practice enforced in the new facility can be raised in a different action.

C

The district court properly awarded summary judgment to Defendants on Brinkman's Free Exercise Clause claim challenging the policy prohibiting him from using an open flame during certain religious ceremonies. Assuming that Brinkman met his initial burden to show that this policy substantially burdened his exercise of religion, Defendants produced sufficient undisputed evidence to demonstrate that the policy was "reasonably related to legitimate penological interests" in jail security and health. *Turner v. Safley*, 482 U.S. 78, 89 (1987).

II

In addition to the two summary judgment orders, Brinkman alluded in his briefs to other district court rulings which he apparently sought to appeal. However, he did not specify exactly which of those rulings he sought to appeal, where they occur in the lower court record, or on what grounds he sought to challenge them. Brinkman's briefs, instead, focused exclusively on the district court's rejection of his RLUIPA and Free Exercise Clause claims and did not raise any arguments concerning any other rulings by the district court. Accordingly, Brinkman has waived all other issues on appeal. *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("'We review only issues which are argued specifically and distinctly in a party's opening brief.'" (citations omitted)); *see also*

Fed. R. App. P. 28(a)(8)(A) (requiring that appellant's opening brief contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

III

In light of this disposition, Brinkman's pending requests for a status update are denied as moot.

**AFFIRMED.**