NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ARNULFO CASTANEDA-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-70132<br><br>Agency No. A213-086-321<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2023
Submission Vacated April 13, 2023
Resubmitted November 15, 2024**
Pasadena, California

Before: COLLINS and MENDOZA, Circuit Judges, and S. MURPHY,*** District Judge.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** This case was originally submitted to a panel consisting of Judges Watford, Collins, and S. Murphy. After Judge Watford resigned from the court, Judge Mendoza was drawn to replace him pursuant to General Order 3.2(h). Judge Mendoza has reviewed the briefs and the record. The reconstituted panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Arnulfo Castaneda-Perez, a citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an immigration judge ("IJ") denying his application for cancellation of removal. We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. Because the BIA adopted and affirmed the IJ's decision by citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc) (citation omitted). We deny the petition.

The IJ denied Castaneda-Perez's application for cancellation of removal on the ground that he failed to demonstrate the requisite "exceptional and extremely unusual hardship" to one or more of his two United States citizen children. 8 U.S.C. § 1229b(b)(1)(D). In its initial merits brief in this court, the Government asserted that, under our then-controlling precedent, we lacked jurisdiction to review the IJ's hardship determination. *See, e.g.*, *Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). However, in its recent decision in *Wilkinson v. Garland*, 601 U.S. 209 (2024), the Supreme Court squarely held that, in a petition for review of a denial of cancellation of removal, an "IJ's hardship determination is reviewable" under 8 U.S.C. § 1252(a)(2)(D) as a "mixed question of law and fact." *Id.* at 212. We therefore have jurisdiction to review the IJ's hardship determination here.

Although the *Wilkinson* Court held that there was jurisdiction to review such determinations, the Court nonetheless explained that judicial review remained limited:

> The facts underlying any determination on cancellation of removal . . . remain unreviewable.  For instance, an IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable.  Only the question whether those established facts satisfy the statutory eligibility standard is subject to judicial review.  Because this mixed question is primarily factual, that review is deferential.

601 U.S. at 225 (footnote omitted).  Applying these standards, we conclude that the IJ permissibly determined that the "established facts" did not show an "exceptional and extremely unusual hardship." *Id*. at 221.

To demonstrate such hardship, "the alien must prove that his citizen relatives would suffer hardship substantially beyond that which would ordinarily be expected to result from the alien's deportation." *Chete Juarez v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (simplified).  "With regard to hardship to a child, petitioners generally must demonstrate that they have a qualifying child with very serious health issues, or compelling special needs in school." *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (simplified).  Other examples of sufficient hardship include a situation in which the alien's child "would be deprived of all schooling or of an opportunity to obtain any education." *Mendez-Castro*, 552 F.3d at 979 n.3 (citation omitted).

Here, the IJ permissibly concluded that Castaneda-Perez's claims concerning hardship to his children do not meet the demanding statutory standard. The IJ did not find that the children suffered from any relevant medical conditions or that they would be deprived of their education. Rather, the IJ found that Castaneda-Perez is the sole financial support for his children and that he takes the children to school, the doctor, and extracurricular activities because the children's mother does not leave the house very often. The IJ further found that Castaneda-Perez has a close relationship with his children. Given these findings, the IJ reasonably held that the financial and emotional hardships that would result from Castaneda-Perez's removal are what "would ordinarily be expected to result from" a father's removal. *Chete Juarez*, 376 F.3d at 949 n.3 (citation omitted). The IJ also noted that, although the children's mother does not work, her decision not to do so is a choice, further suggesting that the financial hardship from Castaneda-Perez's removal may be mitigated. Accordingly, under *Wilkinson*'s deferential review, we hold that the IJ and BIA did not err in concluding that Castaneda-Perez failed to establish the requisite "exceptional and extremely unusual hardship."[1]

**PETITION DENIED.**

---

[1] In his merits brief in this court, Castaneda-Perez also challenges the IJ's factual findings as to how often his children got sick. However, even after *Wilkinson*, "[t]he facts underlying any determination on cancellation of removal . . . remain unreviewable." 601 U.S. at 225.