NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERMAN CRUZ-MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-394

Agency No. A205-721-824

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2024**
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

German Cruz-Martinez, a Mexican citizen, petitions for review of a decision

by the Board of Immigration Appeals ("BIA") upholding the decision of an

Immigration Judge ("IJ") denying his applications for cancellation of removal,

withholding of removal, and protection under the Convention Against Torture

_____

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

("Torture Convention").[1]  We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252.  We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).  When reviewing for substantial evidence, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We deny the petition.

## I

As relevant here, an IJ "may cancel removal" of certain aliens if, *inter alia*, the alien shows that (1) he meets the statutory eligibility criteria, including a showing that "removal would result in exceptional and extremely unusual hardship" to his citizen child, 8 U.S.C. § 1229b(b)(1)(D); and (2) he "merits a favorable exercise of discretion," *id*. § 1229a(c)(4)(A)(ii).  *See Wilkinson v. Garland*, 601 U.S. 209, 212–13 (2024).  The BIA upheld the IJ's denial of cancellation of removal, concluding that Cruz-Martinez had neither established his eligibility nor shown that he merits a favorable exercise of discretion.  In this court, Cruz-Martinez challenges both grounds for rejecting his application for cancellation.

---

[1] In his appeal to the BIA, Cruz-Martinez did not challenge the IJ's denial of his application for asylum, and he has expressly waived that claim in this court.

## A

We turn first to whether the agency properly concluded that Cruz-Martinez had not established the requisite "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). In its answering brief in this court, the Government asserted that, under our then-controlling precedent, we lacked jurisdiction to review the IJ's hardship determination. *See*, *e.g.*, *Mendez-Castro v. Mukasey*, 552 F.3d 975, 980–81 (9th Cir. 2009). However, in its recent decision in *Wilkinson*, the Supreme Court squarely held that, in a petition for review of a denial of cancellation of removal, an "IJ's hardship determination is reviewable" under 8 U.S.C. § 1252(a)(2)(D) as a "mixed question of law and fact." 601 U.S. at 212. Under *Wilkinson*, we therefore have jurisdiction to review the IJ's hardship determination here.

*Wilkinson* described the scope of our review of that issue as follows:

> The facts underlying any determination on cancellation of removal . . . remain unreviewable. For instance, an IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable. Only the question whether those established facts satisfy the statutory eligibility standard is subject to judicial review. Because this mixed question is primarily factual, that review is deferential.

601 U.S. at 225 (footnote omitted). Applying these standards, we conclude that the BIA permissibly determined that the "established facts" here did not show an

3

"exceptional and extremely unusual hardship." *Id*. at 221.

To demonstrate such hardship, "the alien must prove that his citizen relatives would suffer hardship substantially beyond that which would ordinarily be expected to result from the alien's deportation." *Chete Juarez v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (simplified); *see also Wilkinson*, 601 U.S. at 215. "[A]ll hardship factors should be considered in the aggregate to determine whether the qualifying relative will suffer hardship that rises to the level of 'exceptional and extremely unusual.'" *Wilkinson*, 601 U.S. at 215 (citation omitted).

The BIA reviewed the relevant circumstances regarding Cruz-Martinez's daughter and concluded that she would "suffer mostly financial hardship upon [Cruz-Martinez's] removal to Mexico." The BIA reasonably focused on financial hardship, because the IJ found that the daughter "does not have any known physical ailments," *cf. Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (identifying "serious health issues" as a potential qualifying hardship), and the IJ also found that the daughter does not live with Cruz-Martinez, "as he is prohibited from having any contact with her due to a restraining order." The BIA permissibly concluded that the resulting hardship to the daughter would not be "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *See Matter of Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (BIA 2002) (stating that "it has long been settled that economic detriment alone is

4

insufficient to support even a finding of extreme hardship").

Cruz-Martinez asserts that the agency erred by "only considering the hardship to [his daughter] if she remains in the United States" and that the agency should also have considered the hardship she would face if she "moved to Mexico, and the potential likelihood of such a move." However, the agency determined, as a factual matter, that Cruz-Martinez's daughter would remain in the United States if Cruz-Martinez were removed. Under *Wilkinson*, that factual determination is "unreviewable," 601 U.S. at 225, and we cannot say that the agency erred in failing to consider potential hardships that were contrary to its factual determinations.

**B**

Although we generally lack jurisdiction to review the agency's exercise of its discretion as to whether to grant cancellation to an eligible alien, we have jurisdiction over constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D), including whether the IJ failed "to consider the relevant evidence," *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). Cruz-Martinez contends that the BIA committed legal error (1) by failing to address the IJ's asserted factual error in concluding that the reason that a protective order was originally issued against him was because "he had assaulted his wife"; and (2) by failing to consider evidence of Cruz-Martinez's rehabilitation. No legal error has been shown with respect to the first point, because the BIA reviewed de novo the

5

discretionary decision whether Cruz-Martinez merited a favorable exercise of discretion, *see* 8 C.F.R. § 1003.1(d)(3)(ii), and it did not rely on any such alleged "assault" when it articulated the factors that it believed warranted denying cancellation as a matter of discretion.[2]  As to Cruz-Martinez's second point, we likewise find no legal error.  The BIA specifically stated that it had considered Cruz-Martinez's "appellate arguments," including concerning the discretionary denial of relief, and those appellate arguments included his contention that the IJ failed to properly consider his evidence of rehabilitation.  Cruz-Martinez has failed to rebut the presumption that the BIA considered all relevant evidence in making its determination.  *See Hernandez v. Garland*, 52 F.4th 757, 770–71 (9th Cir. 2022).

## II

Substantial evidence supports the agency's determination that Cruz-Martinez was not entitled to withholding of removal, because he had failed to show that his "life or freedom would be threatened" in Mexico "because of" a protected ground. 8 U.S.C. § 1231(b)(3)(A).  Before the IJ, Cruz-Martinez specifically testified that no one had physically harmed him or threatened him with physical harm in

---

[2] Because the BIA did not rely on this asserted factual error, we have no occasion to consider whether, if the BIA had relied on it, review of that issue would be barred under *Wilkinson*, 601 U.S. at 225, and *Patel v. Garland*, 596 U.S. 328, 347 (2022).

Mexico, either before he first came to the United States in 1992, or while he was again in Mexico from 1996 until 2003.  Although Cruz-Martinez contends that, as a person of Zapotec ethnicity, country conditions evidence supports his claimed fear of future persecution, we cannot say that the record evidence compels this conclusion.  *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

## III

With respect to Cruz-Martinez's Torture Convention claim, substantial evidence supports the agency's determination that Cruz-Martinez had failed to show that it was more likely than not that he would be tortured either at the hands of Mexican government officials or with their acquiescence.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) (stating that an alien must show that it is "more likely than not" that he would be tortured if removed, and that "there is sufficient state action involved in the torture").  Cruz-Martinez did not present any evidence that he had been tortured in the past.  While Cruz-Martinez provided some evidence that torture occurs in Mexico and is under-prosecuted, this evidence does not compel the conclusion that he would face an individualized risk of torture warranting relief.  *See Fon v. Garland*, 34 F.4th 810, 816 (9th Cir. 2022).

**PETITION DENIED**.