NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN BAUTISTA-PAZ, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-3938 Agency No. A206-547-941 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2025**
Portland, Oregon

Before: BYBEE, LEE, and FORREST, Circuit Judges.

Ruben Bautista-Paz, a native and citizen of Mexico, petitions for review of a

Board of Immigration Appeals ("BIA") decision dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal because he failed to show exceptional and extremely unusual hardship to a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

qualifying relative. "[T]he application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under [8 U.S.C.] § 1252(a)(2)(D)." *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We exercise deferential review of mixed questions of law and fact, including the agency's exceptional and extremely unusual hardship determination. *Id.* at 221–22, 225. We deny the petition.

To show "exceptional and extremely unusual hardship" to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D), a noncitizen must demonstrate "that a qualifying relative would suffer hardship that is substantially different from or beyond that which would ordinarily be expected to result from their removal, but need not show that such hardship would be 'unconscionable.'" *Wilkinson*, 601 U.S at 215 (citations omitted). "In evaluating whether a noncitizen meets this standard, [the agency] must consider a range of factors, including the age and health of the qualifying family member." *Id.* (citations omitted). The BIA must "conduct an individualized enquiry in each case" so that "each cancellation of removal application '[is] assessed and decided on its own facts.'" *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 740 (9th Cir. 2012) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (B.I.A. 2001)).

We conclude that substantial evidence supports the BIA's determination that the hardship to Bautista-Paz's son did not rise to the level of exceptional and

23-3938

extremely unusual. The BIA recognized that Bautista-Paz's removal would result in "emotional, financial, and other hardship to his" son, but noted that Bautista-Paz did not submit evidence that his son would not be able to continue to receive counseling, nor did he establish that his son's mother and her husband, who were gainfully employed, could not care for his son. The BIA appropriately concluded that such hardship was not substantially beyond that which would ordinarily be expected from a parent's removal from the United States. *See, e.g.*, *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008). To the extent that Bautista-Paz presents new facts to support his application for cancellation of removal, we do not consider them. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).[1]

**PETITION DENIED.**

---

[1] Because the BIA's decision was based on the hardship determination, we do not consider Bautista-Paz's other arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation omitted)).