NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO BUCIO HERRERA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2330 <br><br> Agency No. <br> A215-561-915 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025**
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Gerardo Bucio Herrera, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal

from an order of an Immigration Judge ("IJ") denying cancellation of removal.

Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel previously granted the parties' joint motion to submit this
case on the briefs. Dkt. 32.

1. To obtain cancellation of removal, Bucio must establish, among other things, that removal would result in "exceptional and extremely unusual hardship" to a U.S. citizen or lawful permanent resident spouse, parent, or child. 8 U.S.C. § 1229b(b)(1)(D). The requisite hardship can be established by showing that a child has "very serious health issues, or compelling special needs in school." *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (cleaned up). Our review of the agency's determination that Bucio failed to satisfy the requisite hardship standard as to his U.S. citizen son is "deferential." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). "The facts underlying any determination on cancellation of removal" are "unreviewable." *Id.*

The agency found that, if returned to Mexico, Bucio's son, as well as his Mexican citizen wife and child, would return with him. It found that Bucio's son is in good health, does well in school with no special needs, reads and speaks Spanish, and has previously visited Mexico. The agency further found that Bucio and his wife have assets and are healthy and able to work in Mexico. The agency reasonably determined that Bucio had not established that his son "would suffer hardship substantially beyond that which would ordinarily be expected to result from" his father's removal. *Chete Juarez v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (cleaned up).

2. Bucio argues that because he "does not belong to any priority

enforcement category," the agency abused its discretion by not terminating or administratively closing the removal proceedings. Bucio, however, did not seek termination or administrative closure in the agency. "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (cleaned up). Because the government has properly objected to Bucio's failure to exhaust, we cannot consider the issue. *See id.*

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal, **Dkt. 2**, is denied as moot.

3                                                                    24-2330