NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS JACOBO-ARROYO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-903 Agency No. A079-768-286 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025**
Portland, Oregon

Before: CALLAHAN, CHRISTEN, and HURWITZ, Circuit Judges.

Jose Luis Jacobo-Arroyo, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. To obtain cancellation of removal, a non-permanent resident must establish that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). This means "hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1007 (9th Cir. 2025). When the qualifying relative is a child, the petitioner generally must demonstrate that the child has "very serious health issues, or compelling special needs in school." *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (cleaned up).

We review the agency's application of the hardship standard for substantial evidence. *See Gonzalez-Juarez*, 137 F.4th at 1003. The agency's findings of fact are "unreviewable," so "[o]nly the question whether those established facts satisfy the statutory eligibility standard is subject to judicial review." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

Substantial evidence supports the agency's determination that Jacobo's citizen children would not suffer hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country." *Gonzalez-Juarez*, 137 F.4th at 1006 (cleaned up). The IJ found that the children were "excellent students" and "all healthy." The children had supportive family members nearby, and Jacobo presented no evidence that he would "be unable to work and support his family from" Mexico. *Wilkinson*, 601 U.S. at 216.

The record does not compel the conclusion that Jacobo's oldest daughter, Gissel,[1] had "very serious health issues" or "special needs in school." *Mukasey*, 520 F.3d at 966 (cleaned up). Although a 2013 mental health report stated that Gissel's "sleep, school grades and appetite have been affected by" the removal proceedings, by 2014 she was "doing really well and [was] ready" to end counseling. The IJ recognized that Gissel had been treated for depression and anxiety but found "no evidence that she has needed additional counseling." The IJ emphasized that, although "everybody is going to be sad and depressed during this time period," Gissel seemed to be "doing great" and in "good standing" at her high school.

The IJ acknowledged that Jacobo's removal would "be very, very difficult on these children," but concluded that this case presented "a common fact pattern and there is nothing unusual about the hardship here." The IJ reasonably determined that these circumstances did not satisfy the "very demanding" hardship standard. *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010).

---

[1] To be a qualifying relative, a child must be an "unmarried person under twenty-one years of age." 8 U.S.C. § 1101(b)(1). Jacobo's petition focuses on Gissel, who was under 21 at the time of the IJ's adjudication. Gissel has since turned twenty-one and may no longer be a qualifying relative. *See Baltazar-Felipe v. U.S. Att'y Gen.*, No. 22-13188, 2023 WL 3961411, at *2 (11th Cir. June 13, 2023) ("[T]he plain language of the statute indicates that the relative must be a child—that is, under 21 years of age and unmarried—when the hardship of removal occurs, which can only be after the final adjudication of the application for cancellation of removal."). Because the government does not argue that Gissel's current age is disqualifying, we do not address the issue.

Additionally, because Jacobo has not "show[n] prejudice" or that he "was prevented from reasonably presenting his case," we find no due process violation. *Sanchez-Cruz v. I.N.S.*, 255 F.3d 775, 779 (9th Cir. 2001).

2.     Jacobo argues that the government "waived or defaulted" its arguments because it did not file an opposition brief before the BIA. We have previously held, however, that the BIA does not err in deciding a case without a full opposition brief. *See Limsico v. I.N.S.*, 951 F.2d 210, 213 (9th Cir. 1991) ("Absent an express statutory or regulatory requirement, we conclude that Congress did not intend to require the INS to file an opposition brief when the alien is the moving party.").

**PETITION FOR REVIEW DENIED.**[2]

---

[2]     The stay of removal, **Dkt. 3**, will dissolve upon the issuance of the mandate.