NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NESSTOR BALANZAR SALAS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1420

Agency No.
A208-730-140

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2025[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HURWITZ and COLLINS, Circuit Judges.

Nesstor Balanzar Salas, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal

from an order of an Immigration Judge ("IJ") denying cancellation of removal,

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      To obtain cancellation of removal, a non-permanent-resident must establish that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). This means "hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1007 (9th Cir. 2025). If the qualifying relative is a child, the petitioner generally must demonstrate that the child has "very serious health issues, or compelling special needs in school." *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (cleaned up).

We review the agency's application of the hardship standard for substantial evidence, *Gonzalez-Juarez*, 137 F.4th at 1003, which means that the agency's decision is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1002 (cleaned up). The agency's findings of fact are "unreviewable," so "[o]nly the question whether those established facts satisfy the statutory eligibility standard is subject to judicial review." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

The record does not compel the conclusion that Balanzar's sons "have the serious health or learning issues generally required to merit a grant of cancellation of removal." *See Fernandez*, 520 F.3d at 967. Indeed, Balanzar testified that his sons

generally performed well in school and were healthy. Even if the children moved to Mexico upon Balanzar's removal, the challenges presented by language barriers and crime do not constitute hardship substantially beyond that which ordinarily occurs in removal cases. *See Gonzalez-Juarez*, 137 F.4th at 1007-08 (finding that children's "lack of fluency in Spanish" and "a country conditions report that applies equally to a large proportion of removal cases" did not establish the requisite hardship). The IJ acknowledged that the children would suffer emotional and financial loss but reasonably determined that this did not satisfy the "very demanding" hardship standard. *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010).[1]

2.      An asylum application must be filed within one year of an applicant's arrival in the United States, 8 U.S.C. § 1158(a)(2)(B), unless he shows "changed circumstances which materially affect [his] eligibility for asylum or extraordinary circumstances relating to the delay in filing." 8 U.S.C. § 1158(a)(2)(D). Balanzar's original asylum application indicated that he failed to file within one year because he was "not informed about asylum or its requirements." The IJ credited this assertion and, determining that it did not demonstrate changed or extraordinary circumstances, found Balanzar's asylum claim time-barred.

---

[1]      The agency did not err by not explicitly addressing the length of Balanzar's residence in the United States. The IJ stated that he considered the full record, and he "was not required to discuss every piece of evidence." *Gutierrez v. Garland*, 106 F.4th 866, 880 (9th Cir. 2024) (cleaned up).

We lack jurisdiction to review "the IJ's resolution of an underlying factual dispute," *Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013), and may only review the IJ's legal determination that the undisputed facts do not constitute changed or extraordinary circumstances, *Alquijay v. Garland*, 40 F.4th 1099, 1102 (9th Cir. 2022). The IJ did not err in concluding that Balanzar's untimely filing was not excused by his "failure to act with diligence to determine applicable legal requirements." *Id.* at 1104.

3.    One seeking withholding of removal must "demonstrate that it is more likely than not he would be persecuted on account of a protected ground." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (cleaned up). "A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023).

Substantial evidence supports the IJ's determination that Balanzar failed to establish a nexus between a feared harm and a protected ground. He did not claim to know who killed his relatives or why they were killed and presented no "evidence that the crimes were committed by the same criminals driven by the same motive, beyond his opinion" that the incidents were related. *Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021); *see also Arriaga-Barrientos v. I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991) (finding that abductions of petitioner's brothers "by

unknown gunmen for unknown reasons" did not show a "pattern of persecution closely tied to the petitioner"). Additionally, the "ongoing safety" of Balanzar's parents and sister in Mexico "undermines a reasonable fear of future persecution" based on his last name. *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021). Because "random violence by gang members bears no nexus to a protected ground," the IJ reasonably denied withholding. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

4. To receive CAT protection, a petitioner must demonstrate that, if removed, he would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. § 1208.16(c)(4); *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022).

Substantial evidence supports the conclusion that Balanzar failed to show the Mexican government would acquiesce in any torture against him. "Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Moreover, the country conditions evidence does not show that Balanzar is "any more likely to be [a] victim[] of violence and crimes than the populace as a whole in Mexico." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED.**