NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIO AGUILAR NEPAMUCENO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-700

Agency No.
A205-243-204

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2025[**]
Phoenix, Arizona

Before: HAWKINS, HURWITZ, and COLLINS, Circuit Judges.

Antonio Aguilar Nepamuceno, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing an

appeal from an order of an Immigration Judge ("IJ") denying cancellation of

removal. Although we lack jurisdiction to review questions of fact underlying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denials of cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(i), we have jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D). Whether a qualifying relative will suffer the requisite hardship to permit cancellation of removal is reviewable as a mixed question of law and fact. *See Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We review for substantial evidence "whether the BIA erred in applying the exceptional and extremely unusual hardship standard to a given set of facts." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

We deny the petition.

1. Aguilar Nepamuceno contends that his Notice to Appear ("NTA") was "defective" and "incapable of vesting" the immigration court with jurisdiction because it lacked date and time information. But "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc). Immigration courts have "jurisdiction over removal proceedings when the initial Notice to Appear does not specify the time and date of the proceedings, but later notices of hearing include that information." *Karingithi v. Whitaker*, 913 F.3d 1158, 1158-59 (9th Cir. 2019). Aguilar Nepamuceno received a notice one week after the initial NTA containing the requisite information.

2. Aguilar Nepamuceno contends that the BIA erred in concluding that his two older children were no longer qualifying relatives because they turned 21 before the IJ ruled. *See* 8 U.S.C. § 1101(b)(1) (defining a qualifying child as "an unmarried person under twenty-one years of age"). He contends that because they were under 21 when the application was filed, they should have been treated as qualifying relatives. However, § 1229b(b)(1)(D) requires a noncitizen "seeking cancellation to establish hardship to a qualifying relative as of the time the IJ adjudicates" the application, not when it was filed. *Mendez-Garcia v. Lynch*, 840 F.3d 655, 664 (9th Cir. 2016).

3. Substantial evidence supports the BIA's finding that Aguilar Nepamuceno's removal would not impose an "exceptional and extremely unusual hardship" on his youngest child, his only qualifying relative. The requisite hardship to a child is typically established by showing "very serious health issues, or compelling special needs in school." *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (cleaned up). Aguilar Nepamuceno testified that although his youngest child was sad about the prospect of his removal, she was doing well in school and had no health issues. The agency acknowledged that Aguilar Nepamuceno's removal would financially impact his child, but substantial evidence supports its conclusion that he did not establish she will "suffer hardship substantially beyond that which

would ordinarily be expected to result from" his removal, *Chete Juarez v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (cleaned up).

**PETITION FOR REVIEW DENIED.**[1]

---

[1]    The motion to refer to mediation, **Dkt. 42**, is denied.