**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| MARVIN CORONADO GODINEZ-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 21-70850<br><br>Agency No. A206-082-170<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025[**]
Phoenix, Arizona

Before: HAWKINS, HURWITZ, and COLLINS, Circuit Judges.

Marvin Coronado Godinez-Perez, a native and citizen of Guatemala, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") dismissing

an appeal from an order of an Immigration Judge ("IJ") denying cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Godinez argues that the agency erred in determining that he failed to establish exceptional and extremely unusual hardship to his three citizen children. This Court addresses "the primarily factual mixed question at hand—whether the BIA erred in applying the exceptional and extremely unusual hardship standard to a given set of facts—by reviewing for substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). In this case, substantial evidence supports the agency's conclusion.

Godinez admitted that none of his children had a serious medical condition and that his only school-age child had no problems in school. *See Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008). He claimed that his children would suffer financial hardship if he were removed to Guatemala, because he is the breadwinner. But "[e]conomic disadvantage alone does not constitute extreme hardship." *Ramirez-Durazo v. I.N.S.*, 794 F.2d 491, 498 (9th Cir. 1986) (cleaned up); *accord In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (BIA 2002).

Moreover, there is evidence that Godinez's children would not be entirely without financial support if he were removed. Godinez's sister contributes money for rent, his wife is healthy and able to work, and his family receives food stamps and healthcare benefits. Godinez also likely could send money to his family from Guatemala. *See Perez v. I.N.S.*, 96 F.3d 390, 392 (9th Cir. 1996) (finding that economic detriment "that one would normally expect whenever an alien is deported

2

to a country with a less vibrant economy than the United States" is not unusual or extreme).

Godinez also asserted that, since his children likely would not accompany him to Guatemala, they "would be sad" and "without a father figure." But this "describes the typical case of hardship that follows deportation." *United States v. Arce-Hernandez*, 163 F.3d 559, 564 (9th Cir. 1998). Cancellation of removal is instead "limited to truly exceptional situations." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001) (cleaned up).

2.     Godinez argues that the agency erred by failing to "conduct a future oriented analysis that considered all the relevant hardship factors." *See Figueroa v. Mukasey*, 543 F.3d 487, 497 (9th Cir. 2008) (stating that the hardship inquiry is "a future-oriented analysis, not an analysis of [relatives'] present conditions"). We review de novo whether the agency applied the wrong legal standard. *Umana-Escobar v. Garland,* 69 F.4th 544, 550 (9th Cir. 2023). We find that it did not.

As the BIA noted, "the Immigration Judge considered the respondent's testimony and evidence regarding what will happen to his children upon [his] removal." The IJ expressly discussed the hardship Godinez's children would face in the future if he were removed. The IJ also "held a complete hearing and made a thorough decision that fully examined the underlying factual matters." *Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019).

3

**PETITION FOR REVIEW DENIED.**