**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ALFREDO GUZMAN RAMIREZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-746

Agency No.
A089-270-000

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2026[**]
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Alfredo Guzman Ramirez, a native and citizen of Mexico, seeks review of a

decision of the Board of Immigration Appeals ("BIA") affirming an Immigration

Judge's ("IJ") denial of Guzman Ramirez's application for cancellation of removal.

The BIA affirmed the IJ's conclusion that Guzman Ramirez failed to show his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal would result in exceptional and extremely unusual hardship to his qualifying U.S. citizen child, R. We have jurisdiction under 8 U.S.C. § 1252 and deny Guzman Ramirez's petition for review.

"[T]he application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under [8 U.S.C.] § 1252(a)(2)(D)." *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We review the application of the "exceptional and extremely unusual hardship standard to a given set of facts . . . for substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). To establish "exceptional and extremely unusual hardship," an applicant must demonstrate a qualifying relative would suffer hardship that is "out of the ordinary and exceedingly uncommon[;]" in other words, the hardship "must deviate, in the extreme, from the norm." *Id.* at 1006. "The agency must compare the hardship in a given case to the hardship that results in the usual, ordinary course when an alien is removed." *Id.*

Guzman Ramirez argues that although the agency considered the evidence he presented in support of the hardship claim, the agency erred in concluding Guzman Ramirez's evidence did not meet the standard for cancellation of removal. His argument is unavailing. Guzman Ramirez testified that R. would remain in the United States upon his father's removal to Mexico, which the family has decided will best support R.'s educational needs and safety due to generalized dangers

2

25-746

Guzman Ramirez perceives in Mexico (e.g., widespread "delinquency and corruption"). The hardship claim thus rests on evidence presented by Guzman Ramirez that R. would suffer some level of anxiety upon separation from his father and financial stress if Guzman Ramirez's wife becomes the family's primary provider in the United States.

After considering the evidence and testimony of the case in cumulative, the agency properly concluded that the hardship R. may suffer by remaining in the United States after Guzman Ramirez's removal does not "deviate, in the extreme" from hardship suffered by others in the same circumstances. *See id*. The IJ concluded that R.'s asthma is not a "serious health issue[]" that qualifies as exceptional and extremely unusual hardship, *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008), because Guzman Ramirez presented no medical evidence and the asthma did not appear to affect R.'s "physical activity or enrollment [in school]." Before the IJ, Guzman Ramirez also shared that R. has experienced anxiety during immigration proceedings, and claimed removal "would be quite stressful" to R. The IJ accepted as true Guzman Ramirez's testimony that R. would suffer the stress of family separation, but ultimately found R.'s anxiety did not deviate beyond the ordinary stress of family separation and was further mitigated by Guzman Ramirez's ability to relocate to the border city of Tijuana, Mexico, where R., who lives in Vista, California, could visit. As for potential financial stress, the

IJ noted that the generalized diminished economic opportunity the family may suffer upon Guzman Ramirez's removal to Mexico could not alone establish that R. would experience exceptional and unusual hardship. *See Matter of Andazola*, 23 I. & N. Dec. 319, 323 (BIA 2002) ("[I]t has long been settled that economic detriment alone is insufficient to support even a finding of extreme hardship."). Substantial evidence therefore supported the agency's decision to deny Guzman Ramirez's application for cancellation of removal.[1]

**PETITON DENIED.**[2]

---

[1] Guzman Ramirez also briefly mentions that the IJ "should have continued the hearing to allow for an adjudication of the missing CAT application." But he does not challenge the BIA's determination that he waived the CAT claim before the IJ.

[2] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. 3.

25-746