NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICTOR CHAVOLLA-SIERRA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-275

Agency No.
A088-660-024

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026**
San Francisco, California

Before: MURGUIA, Chief Judge, and S.R. THOMAS and MILLER, Circuit
Judges.

Victor Chavolla-Sierra, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals affirming an order of an

immigration judge denying his application for cancellation of removal. We have

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252(a)(2)(D), *see Wilkinson v. Garland*, 601 U.S. 209, 217 (2024), and we deny the petition.

To qualify for cancellation of removal, an applicant must establish that his removal would result in "exceptional and extremely unusual" hardship to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). "[T]he hardship must be out of the ordinary and exceedingly uncommon. It must deviate, in the extreme, from the norm." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025).

We review the Board's assessment of "exceptional and extremely unusual hardship" for substantial evidence. *Gonzalez-Juarez*, 137 F.4th at 1005. Under that standard, the Board's determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1002 (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Chavolla-Sierra argues that the Board committed legal error "by assessing the case with an 'unconscionable' hardship standard," instead of the "exceptional and extremely unusual hardship" standard prescribed in 8 U.S.C. § 1229b(b)(1)(D). Although he admits that the Board "articulate[d] the correct hardship standard," he argues that, "[e]valuated under the correct standard, it is clear that the Petitioner's case presented exceptional and extremely unusual hardship to qualifying relatives." That is merely another way of saying that he objects to the Board's determination that he did not meet the exceptional and

extremely unusual hardship standard. As noted, we review that determination for substantial evidence.

2. Substantial evidence supports the Board's determination that Chavolla-Sierra did not demonstrate the required hardship. Chavolla-Sierra sought cancellation of removal to Mexico based on potential hardship to his two U.S.-citizen children, who were twelve and eight years old at the time of the immigration judge's decision. Chavolla-Sierra testified that if he were removed, his partner and their children would move to Mexico with him.

Chavolla-Sierra testified that both children have had some difficulties in school but are "not too bad, a little bit normal for a child." In addition, his daughter had a heart problem when she was born and continues to take medication for the condition. But Chavolla-Sierra provided no evidence that either of his children has "very serious health issues" or any "compelling special needs in school" that will not be addressed adequately in Mexico. *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (per curiam) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (B.I.A. 2001)).

Nor is there evidence that Chavolla-Sierra will lack assistance in providing for his qualifying children. Chavolla-Sierra's partner suffered a stroke about a year before the hearing, and although she testified that she still feels weak on her right side, she also testified that doctors told her that "with time," she would "regain

strength in [her right] arm." She previously worked at a plant nursery, and Chavolla-Sierra testified that "[s]he probably could start to work there again." There is no evidence that her recovery or ability to support her children would be worse in Mexico than in the United States. Furthermore, both Chavolla-Sierra and his partner have family in Mexico who are employed. *Cf. In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 469–71 (B.I.A. 2002) (finding exceptional and extremely unusual hardship where single-mother applicant had no immediate family in Mexico and was the sole support for her six children).

Although his qualifying relatives may suffer educational, medical, and other difficulties in Mexico, the evidence does not compel the conclusion that Chavolla-Sierra has met the high burden of demonstrating a hardship that would "deviate[], in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez*, 137 F.4th at 1007.

The motion for a stay of removal (Dkt. No. 4) is denied.

**PETITION DENIED.**