NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TADEO ENRIQUE SILVA ARMENTA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-187

Agency No.
A205-920-942

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026**
San Francisco, California

Before: MURGUIA, Chief Judge, and S.R. THOMAS and MILLER, Circuit
Judges.

Tadeo Enrique Silva Armenta petitions for review of a Board of Immigration

Appeals ("BIA") decision affirming the order of an Immigration Judge ("IJ")

denying his application for cancellation of removal. We review that decision for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence, *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025), and we deny the petition.

To qualify for cancellation of removal, an applicant must establish that removal will result in hardship to a qualifying relative that is substantially different from, or beyond, the hardship ordinarily associated with removal from the United States. *Id.* at 1005–06. "It must deviate, in the extreme, from the norm." *Id.* at 1006. The agency must consider the cumulative hardship, considering the ages, health, and circumstances of the qualifying family members. *Id.* (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)). The agency should also consider whether the applicant is the sole means of support for the qualifying relatives. *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 470–71 (BIA 2002).

Silva Armenta sought cancellation of removal to Mexico based on hardship to his two U.S.-citizen children, Kevin and Valeria, who at the time of the IJ's decision were ages nine and ten. It is unclear whether the qualifying children would accompany Silva Armenta to Mexico or remain in the United States. Either way, the circumstances are not substantially worse than "the ordinary hardship that would be expected when a close family member leaves the country." *Gonzalez-Juarez*, 137 F.4th at 1006 (internal quotation omitted).

Both children are in good health. While Silva Armenta asserts that Valeria takes special education classes part-time, he does not provide any evidence to

suggest that Valeria has "compelling special needs in school." *See Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (per curiam) (internal quotations and citation omitted). It is unclear from the record what special needs she has, and whether those needs would be unmet should she accompany her father to Mexico. Silva Armenta is in good health, has at least 14 years of work experience in landscaping, and has two siblings in Mexico. Carla Lopez, Silva Armenta's wife and the children's mother, has worked part-time at a factory.

Although his children may suffer emotional and financial hardship if Silva Armenta is removed, the evidence does not compel the conclusion that Silva Armenta met the high burden of demonstrating a hardship to a qualifying relative from his removal that is substantially different from or beyond that normally resulting from removal of a close family member. *See Gonzalez-Jaurez*, 137 F.4th at 1005–08.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The stay of removal will dissolve upon the issuance of the mandate.