**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO VILCHIS-GOMEZ, | No. 19-72453 |
| Petitioner, | Agency No. A216-554-123 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2026[**]
Pasadena, California

Before: WARDLAW, M. SMITH, and BADE, Circuit Judges.
Dissent by Judge WARDLAW.

Petitioner Alejandro Vilchis-Gomez, a native and citizen of Mexico,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

dismissing his appeal from an order of an immigration judge (IJ) denying his

applications for asylum, withholding of removal, protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT), and cancellation of removal, and denying his request for remand. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA expresses agreement with the reasoning of the IJ, we review both decisions. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). Because application of the statutory "exceptional and extremely unusual hardship" standard is "a mixed question of law and fact that is primarily factual," the agency's determination is reviewed for "substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002–03 (9th Cir. 2025). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1.      Substantial evidence supports the agency's determination that Vilchis-Gomez's removal would not result in "exceptional and extremely unusual hardship" to his qualifying family members. There is no evidence in the record suggesting that any of Vilchis-Gomez's three U.S.-citizen children have very serious health issues or compelling special needs in school. *See Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (per curiam). And while Vilchis-Gomez's U.S.-citizen wife suffers from lumbar disc disease, depression, and insomnia, there is no evidence in the record suggesting that these conditions impact her ability to work or that her symptoms cannot be managed through treatment or therapy. There is also no conclusive evidence in the record indicating

that Vilchis-Gomez and his wife would be unable to support their family upon his removal to Mexico. Because the record does not compel the conclusion that Vilchis-Gomez's qualifying family members would experience "hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members [in the United States]," the agency's hardship determination must be upheld.[1] *See Gonzalez-Juarez*, 137 F.4th at 1006 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)).

2. We do not reach the merits of Vilchis-Gomez's claim that the BIA erred in adopting and affirming the IJ's denial of asylum, withholding of removal, and protection under CAT because, as the government argues, Vilchis-Gomez failed to exhaust his administrative remedies as to these forms of requested relief and protection. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (holding that even though the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) is not jurisdictional, it is a mandatory claim-processing rule that a court must enforce if a party raises the issue).

3. Vilchis-Gomez has forfeited any challenge to the BIA's denial of his

---

[1] Contrary to Vilchis-Gomez's assertion, the agency considered the hardship that would result from him being subject to the bar to reentry pursuant to 8 U.S.C. § 1182(a)(9)(C).

19-72453

request for remand by failing to argue it in his opening brief.[2] *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (arguments that are not meaningfully developed in a petitioner's opening brief are forfeited); *see also Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004) ("We 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'" (quoting *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003))).

**PETITION DENIED**.[3]

---

[2] The dissent acknowledges that Vilchis-Gomez has forfeited any challenge to the BIA's denial of his request for remand. And while we may review issues not raised in an opening brief in narrow circumstances, those circumstances are not present here. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). Moreover, at no point was Vilchis-Gomez prohibited from raising any argument based on *Fonseca-Fonseca v. Garland*, 76 F.4th 1176 (9th Cir. 2023)—a case that was decided nearly two years before Vilchis-Gomez filed his supplemental briefing. Vilchis-Gomez also failed to raise any new facts in his motion to remand. Accordingly, we decline to exercise our discretion to consider this issue.

[3] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 1, is otherwise denied.

19-72453

WARDLAW, J., dissenting:

I respectfully dissent from the panel's decision to deny Alejandro Vilchis-Gomez's ("Vilchis") petition for review. I concur with the panel's denial of the petition as to Vilchis's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). However, the Board of Immigration Appeals ("BIA") committed clear legal error by applying a heavier burden than the BIA's own case law requires to Vilchis's motion to remand. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176 (9th Cir. 2023). I would grant the petition and remand the matter for the BIA to consider Vilchis's motion under the proper legal standard.

1.      At his master calendar hearing on May 13, 2019, Vilchis testified that his six-year-old son, I.V., was experiencing mental health issues as a result of Vilchis's ongoing deportation proceedings and detention. Vilchis's wife, J.G., testified that I.V. had been experiencing "behavior problems, . . . constant[] worrying, . . . restless nights, . . . trouble concentrating," and has lost his desire to attend school. I.V. had also become fearful that he would be detained, was experiencing anger problems, and started to become physically aggressive. Prior to the deportation proceedings, J.G. described I.V. as "a normal six year old." J.G. testified that I.V. had an appointment with a school psychologist just three days after the hearing, on May 16, 2019.

1

J.G. also testified that Vilchis was extremely involved in his children's lives, helped I.V. with his school work every night, that the family attended church multiple times per week, and that the family spent the weekends "preaching, house to house." Vilchis worked part-time as a handy man.

The Immigration Judge ("IJ") denied Vilchis's cancellation of removal application on May 15, 2019. The IJ acknowledged I.V.'s behavior problems, and that "[o]bviously, [I.V.] will experience some emotional trauma due to his father's return to Mexico," but the IJ did "not find sufficient evidence in the record from which [he could] conclude that [I.V.] would experience exceptional or extremely unusual hardship if [I.V.'s] father departed the United States." The IJ also acknowledged that "[I.V.] is set to see a school psychologist," and was aware that the appointment was scheduled for May 16, 2019—the day after the IJ issued his decision.

Vilchis filed a motion with the BIA to remand the case to the IJ, arguing that "new facts (i.e. the increased and intense psychological hardship to [I.V.])" justified remand. He attached psychological evaluations from the school psychologist which demonstrated that [I.V.'s] mental health issues were getting worse. The BIA denied Vilchis's motion to remand, holding that it was "not satisfied that the proffered evidence *would likely change the result below*."

2.     Subsequent to the BIA's decision, we ruled in *Fonseca-Fonseca v. Garland*, that the correct standard on a motion to remand is that the noncitizen must "show only a 'reasonable likelihood' that he is entitled to relief." 76 F.4th 1176, 1181 (9th Cir. 2023). We specifically rejected the argument that the two standards that had been applied to motions to remand or reopen based on new evidence—one requiring that the petitioner show that the new evidence "would likely change" the result, and the other requiring that the new evidence would present a "reasonable likelihood" of entitlement to relief—were "interchangeable." *See Fonseca-Fonseca*, 76 F.4th at 1180–83 (explaining that "whether there is sufficient evidence to indicate a *reasonable likelihood* of success on the merits" is "a different, lower standard" than the "would likely change standard") (internal quotations and citations omitted); *see also Alcarez-Rodriguez*, 89 F.4th at 759 (explaining that a motion to reopen and motion to remand to the IJ are treated identically). Here, as in *Fonseca-Fonseca*, we should remand the case to the BIA "to apply the correct standard in the first instance." *Id.* at 1083.

3.     The panel majority concludes that Vilchis forfeited this argument. *See Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (internal quotations and citation omitted). However, as *Alcaraz* acknowledged, "there are several notable exceptions to this rule,"

3

including that "[w]e will review an issue not raised in an appellant's opening brief if a failure to do so would result in manifest injustice," and "we may review an issue not raised in briefs to this court if failure to raise the issue properly did not prejudice the defense of the opposing party." *Id.* at 1161 (citation modified). Moreover, we have discretion to consider waived arguments, and have exercised such discretion to review a "purely legal question." *See In re Hanford Nuclear Reserv. Litig.*, 534 F.3d 986, 1007 (9th Cir. 2008).

Briefing in this case was completed years before we decided *Fonseca-Fonseca*. Indeed, this case was administratively closed mere weeks before *Fonseca-Fonseca* was published, and was not reopened for nearly eighteen months thereafter. *See* Dkt. Nos. 44, 45. Our decision in *Fonseca-Fonseca* acknowledged that, at the time briefing was completed, confusion as to the proper standard of proof for a motion to remand was, in part, a problem of our own creation. 76 F.4th at 1179 ("[O]ur memorandum dispositions have introduced confusion by citing the two standards—'would likely change' the result and 'reasonable likelihood' of eligibility for relief—loosely, and at times, interchangeably.").

Vilchis's failure to raise *Fonseca-Fonseca* is, in my view, an excusable circumstance. Vilchis petitioned for review of the BIA's entire decision, requested a remand "to grant [his] cancellation application or for further consideration"

4

thereof, and informed the court in supplemental briefing[1] that new evidence was available concerning the psychological impact of his deportation on his son's mental health. There is no dispute that the BIA applied the wrong legal standard to deny Vilchis's motion to remand. There is no dispute that the IJ decided this case just two days after the master calendar hearing—the very day before I.V.'s first appointment with a psychologist. And, there is no dispute that Vilchis's attorney fully briefed this case without the benefit of our decision in *Fonseca-Fonseca*—a decision which acknowledged our own role in creating confusion as to the proper standard by which to evaluate a motion to remand. 76 F.4th at 1179.

I respectfully dissent from the majority's decision to deny the petition without remand.

---

[1] We ordered supplemental briefing, on the Government's motion, on the narrow issue of how the Supreme Court's decision in *Wilkinson v. Garland*, 601 U.S. 209 (2024), affected this appeal. *See* Dkt. Nos. 46, 50.