NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IMELDA MARTINEZ HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-1168<br><br>Agency No.<br>A200-199-109<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2026**
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Imelda Martinez Hernandez, a native and citizen of Mexico, seeks review of

a decision from the Board of Immigration Appeals (BIA) dismissing her appeal of

the Immigration Judge's (IJ) denial of her application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Dkt. 27; Fed. R. App. P. 34(a)(2).

To qualify for a discretionary grant of cancellation of removal, an applicant must establish that "removal would result in exceptional and extremely unusual hardship to the [applicant's] spouse, parent, or child, who is a citizen of the United States or [a non-citizen] lawfully admitted for permanent residence."  8 U.S.C. § 1229b(b)(1)(D).  When the agency concludes that an applicant has failed to meet this standard, we review the agency's decision for "substantial evidence." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).  Under this standard, we must uphold the BIA's determination that the facts do not establish the requisite hardship needed for cancellation of removal "unless any reasonable adjudicator would be compelled to conclude to the contrary."  *See id.* at 1002 (internal citation and quotation marks omitted).  In doing so, though, we may not review the facts as found by the agency.  *Id.* at 1000 n.2 (citing *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024)); *see also id.* at 1000 (explaining the "jurisdiction-stripping" function of 8 U.S.C. § 1252(a)(2)(B)).  "For example, we may not review an IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides." *Id.* at 1000 n.2 (internal citation and quotation marks omitted).  "Where, as here, the BIA adopts the IJ's decision while adding some of its own reasoning, we review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).

1.  First, substantial evidence supports the BIA's determination that Martinez

Hernandez failed to establish that her removal to Mexico would result in exceptional and extremely unusual hardship to her two U.S. citizen children. Martinez Hernandez stated that if she were removed, her husband and sons would endure financial difficulty living in the United States because they would lose the benefit of the salary she currently earns. She stated that the family would also incur additional expenses because her husband would need to get a babysitter for the periods of time her sons are not in school and her husband is at work. Finally, she stated that her sons would be "surrounded by stress" and would endure emotional hardship on account of the family's separation.

These are unfortunate but "common hardships that can result when [a non-citizen] parent is removed" and do not compel a finding of exceptional and extremely unusual hardship. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005). The exceptional and extremely unusual hardship standard is a "very demanding one," *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010), and requires a showing of hardship that is "out of the ordinary and exceedingly uncommon," *Gonzalez-Juarez*, 137 F.4th at 1006. "With regard to hardship to a child, petitioners generally must demonstrate that they have a 'qualifying child with very serious health issues, or compelling special needs in school.'" *Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56,

63 (B.I.A. 2001)). As the IJ noted here, Martinez Hernandez's teenage[1] sons "seem to be good kids" who are doing "very well" in school and have no health issues. Accordingly, the evidence does not compel a finding of exceptional and extremely unusual hardship.

2. Second, we find no merit to Martinez Hernandez's argument that the agency erred by failing to consider the hardship her two sons would endure if they were to accompany her to Mexico. Martinez Hernandez argues that the agency erred by failing to consider this alternative because the record indicates that, if she were removed, her husband and children "would not be able to financially survive in the United States without [her] salary." But when asked, "[I]f you had to go back to Mexico, would you take [your sons] with you?" Martinez Hernandez unequivocally answered "No."

3. Finally, we lack jurisdiction to review Martinez Hernandez's challenge to factual findings of the IJ. *See Gonzalez-Juarez*, 137 F.4th at 1000 n.2. For this reason, we decline to review Martinez Hernandez's argument that the IJ erred in finding that family, including Martinez Hernandez's sister, "*may* be able to lend a helping hand" in caring for Martinez Hernandez's sons despite Martinez Hernandez testifying that her sister would not be able to help on account of a health condition

---

[1] At the time of the BIA's January 2025 decision, Martinez Hernandez's children were 15 and 19 years old. At the time of the IJ's October 2020 decision, they were 11 and 15 years old.

and work as a baker.  We also decline to review Martinez Hernandez's argument that the IJ erred in finding that "*if*" she moves to Tijuana, Mexico, her children "*may*" be able to visit her on a regular basis despite Martinez Hernandez's testimony, which indicates that she would not be able to afford to live in Tijuana.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 3, is otherwise **DENIED**.

25-1168