NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN MANUEL LOPEZ-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-1988 <br><br> Agency No. A206-441-622 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2026**
Phoenix, Arizona

Before: BERZON, M. SMITH, and HURWITZ, Circuit Judges.

Juan Manuel Lopez-Gonzalez, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an order of an immigration judge ("IJ") denying cancellation of removal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for failure to establish "exceptional and extremely unusual hardship" to his United States citizen son, Jose. 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

1.     Lopez has not shown that the agency ignored relevant evidence about Jose. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). The IJ discussed Jose's "serious" ADHD, including "aggressive" behavior like "hit[ting] himself against the wall." The IJ also acknowledged Jose's "eye issue," noting that its extent was "unclear" and that he would have access to surgery in the United States if needed. Lopez's testimony that Jose "could cut himself," without more, does not compel a finding of extreme hardship. *See Maini v. INS*, 212 F.3d 1167, 1175 (9th Cir. 2000) ("[C]onjecture and speculation can never replace substantial evidence.").

The agency's hardship determination is supported by substantial evidence. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). The IJ acknowledged the support Lopez provides Jose and "in no way diminishe[d] the seriousness" of Jose's ADHD, but emphasized that Jose receives needed medication, was in good overall health, would continue living with his mother in the United States and attending school where she works, and would retain access to medical

---

[1]     The affidavit Lopez submitted with his Opening Brief is not part of the administrative record, so we cannot consider it. *See* 8 U.S.C. § 1252(b)(4)(A); *Gomez-Vigil v. INS*, 990 F.2d 1111, 1113 (9th Cir. 1993) (per curiam) (noting the Court may not consider new materials "appended to the briefs").

insurance and treatment. The IJ also noted that, despite some issues at school, Jose performed at or above his grade level and had no special educational needs. *See Fernandez v. Mukasey*, 520 F.3d 965, 966 (9th Cir. 2008) (per curiam) (establishing hardship to a child generally requires showing that the child has "very serious health issues, or compelling special needs in school" (cleaned up)). Although Lopez presents a sympathetic case, the record does not compel the conclusion that Jose would suffer "hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez*, 137 F.4th at 1007.

2. We do not consider Lopez's ineffective assistance of counsel claim, which he can exhaust by filing a motion to reopen. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**[2]

---

[2] The stay of removal will be vacated on issuance of the mandate.